MATTER OF C—H—

In SECTION 245 Proceedings

A-11908700

*Decided by Regional Commissioner March 14, 1961*
*Approved by Assistant Commissioner*

Adjustment of status—Section 245—Exclusion order does not bar eligibility when alien has been inspected and paroled—Alien's good faith as favorable element in exercising discretion.

Native and citizen of Guatemala with unexpired visitor's visa who was inspected and paroled into the United States and, after special inquiry officer hearing, was ordered excluded as an immigrant not in possession of proper entry documents meets *eligibility* requirements for adjustment of status under section 245 of the 1952 Act and merits favorable exercise of *discretion* upon findings that she was a *bona fide* nonimmigrant when she first obtained her visitor's visa from the U.S. Consul; that thereafter on two occasions when she entered the United States she complied with the terms of her admission as a nonimmigrant and departed within the time authorized; and that at the time she last applied for admission she was acting in good faith, although under an erroneous assumption, and made no attempt to mislead the inspecting officer as to her intent to reside here permanently.

## BEFORE THE REGIONAL COMMISSIONER

**DISCUSSION:** The applicant, a 22-year-old female, native and citizen of Guatemala, applied for admission into the United States as a nonimmigrant visitor for pleasure at New Orleans, Louisiana, on June 23, 1960. She presented a valid passport and valid nonimmigrant visa but when inspected she failed to establish that she was admissible under the nonimmigrant classification contained in section 101(a)(15)[B-2]. She was ordered detained for hearing before a special inquiry officer and the District Director authorized her parole into the United States and permitted her to proceed to Chicago, Illinois.

After the hearing, which was conducted in Chicago on July 1, and 7, 1960, the special inquiry officer found the applicant inadmissible to the United States under the provisions of section 212(a) (20) of the Immigration and Nationality Act on the ground that she was an immigrant not in possession of a valid unexpired immigrant visa as required by the Act. The special inquiry officer ordered that

265

she be excluded from the United States and be deported to the country from which she came.

Before that order was executed the applicant applied for status as a permanent resident under the provisions of section 245, as amended by the Act of July 14, 1960. The District Director found that she was eligible for the status sought and granted the application. It is now before us on certification for review of that decision.

An applicant for status as a permanent resident under the amended provisions of section 245 must establish that he was inspected and admitted or paroled into the United States, that he is eligible to receive an immigrant visa and is admissible to the United States for permanent residence, and that an immigrant visa is immediately available to him at the time his application is approved. The applicant also has the burden of establishing that his application merits favorable exercise of the Attorney General's discretion (*Matter of G—, 9—38*).

The applicant in this case was inspected when she applied for admission as a nonimmigrant at New Orleans on June 23, 1960. She was found inadmissible as a nonimmigrant and was paroled into the United States. The purpose and duration of the parole is not material in making a finding as to whether the applicant was inspected and paroled, although it is material in determining whether favorable discretionary action is warranted. Therefore, the applicant has established that she was inspected and paroled into the United States.

Although the applicant has been ordered excluded and deported from the United States, she is not precluded by that order from now establishing that she is eligible to receive an immigrant visa and that she is admissible to the United States as an immigrant, since the order was based solely on a finding that she was an immigrant not in possession of proper entry documents at the time she was accorded the hearing. Permission to reapply is not required, as the order of deportation was not executed. In this application she has established that she is eligible to receive an immigrant visa and that she is otherwise admissible to the United States as an immigrant. An immigrant visa is immediately available to her since she has established that she was born in Guatemala and is eligible for status as a nonquota immigrant under section 101(a) (27) (C) of the Act.

The remaining issue is whether the applicant has established that her application merits favorable exercise of the Attorney General's discretion. On June 15, 1959, she applied for and was issued a nonimmigrant visa as a visitor for pleasure under section 101 (a) (15) [B-2] of the Act, valid until June 14, 1963, for unlimited

applications for admission to the United States. There is no question but that she then was a *bona fide* nonimmigrant who had no intention of residing in the United States. She was thereafter admitted to the United States as a nonimmigrant visitor for pleasure on two occasions and she complied with the terms of those admissions and departed from the United States within the time authorized. At the time she last applied for admission at New Orleans she was no longer a *bona fide* nonimmigrant, since she intended to remain permanently in the United States. She had acted on the erroneous assumption that she could enter the United States as a nonimmigrant with the still valid nonimmigrant visa and thereafter apply for status as a permanent resident. However, she acted in good faith and made no attempt to mislead the inspecting officer as to her purpose in coming nor did she conceal her intent to reside permanently in the United States. The record shows that she is a person of good moral character. She is married to a United States citizen and the stability of that marriage has been established. On the basis of all the facts, it is concluded that her application warrants favorable action.

**ORDER:** It is ordered that the order of the District Director be affirmed.