MATTER OF WONG

In Exclusion Proceedings

A-10096814

*Decided by Board September 7, 1967*

Jurisdiction to consider an application for adjustment of status under section 245, Immigration and Nationality Act, as amended, by an alien excluded and paroled into the United States, who has not been served with an order to show cause or a warrant of arrest, lies with the District Director (8 CFR 245.2(a)).

EXCLUDED: Act of 1924—No immigration visa.
  Executive Order No. 8766—No passport.

ON BEHALF OF APPELLANT:
  Elmer Fried, Esquire
  515 Madison Avenue
  New York, New York 10022
  (Brief filed)

ON BEHALF OF SERVICE:
  Allan A. Shader
  Trial Attorney
  (Brief filed)

The case comes forward on motion of counsel dated March 29, 1967 requesting that the "deportation" proceeding [1] be reopened to allow the respondent to apply for the privilege of adjustment of status under section 245 of the Immigration and Nationality Act, as amended. The new facts set forth are that since the entry of the final order herein, a relative visa petition has been approved granting the respondent immediate relative status (201(b)); that the alien is eligible to receive an immigrant visa and is admissible to the United States for permanent residence and an immigrant visa is immediately available to him at the time his application will be approved; and that he has become, in all respects, eligible for adjustment of status under section 245 of the Immigration and Nationality Act, as amended.

This case was previously before us on September 30, 1952 on appeal from an order entered by the Acting Assistant Commissioner on May 28, 1952, affirming the appellant's exclusion from the United States by a Board of Special Inquiry on the above-stated grounds. Briefly, the record relates to a native and citizen of China, born February 3,

---

[1] It is assumed that the reference to a deportation proceeding rather than to an exclusion proceeding is an inadvertent error.

1912, male, married, who arrived at the port of New York on December 25, 1951, claiming to be Wong Ling, a son of Wong Wing, a United States citizen. On the basis of the appellant's testimony that he believed himself to be the blood son of Wong Wing and Lee Shee, he was issued a travel affidavit on November 27, 1951 by the American Consul at Hong Kong. However, the findings before a Board of Special Inquiry established that the appellant was an adopted son and did not acquire citizenship under the provisions of section 1993 of the Revised Statutes. He was thereupon ordered excluded. Subsequently, on October 10, 1952, an order of parole was entered. A visa petition filed by Connie Wai for immediate relative status under section 201(b) of the Immigration and Nationality Act, as amended, was approved on February 24, 1967.

The trial attorney has filed a brief in opposition to the motion to reopen, asserting that under section 245 of the Immigration and Nationality Act, the appellant is ineligible for such relief, inasmuch as he has not been inspected and admitted but excluded from the United States on his false claim to citizenship in 1952; thus, he is ineligible for section 245 relief. The alien's counsel has filed a brief claiming that the alien has been paroled into the United States and is therefore eligible under section 245 of the Immigation and Nationality Act; and that a hearing should be held before a special inquiry officer.

We believe the matter is covered by regulation, 8 CFR 245.2(a), which provides as follows:

An application for adjustment of status under section 245 of the Act * * * by an alien after he has been served with an order to show cause or a warrant of arrest shall be made and considered only in proceedings under Part 242 of this chapter. In any other case, an alien who believes that he meets the eligibility requirements of section 245 of the Act * * * and section 245.1 shall apply to the district director having jurisdiction over his place of residence.

In the present case, an order to show cause or a warrant of arrest has never been issued. Therefore, the consideration of eligibility under section 245 of the Immigration and Nationality Act lies within the jurisdiction of the District Director as provided by the above regulation. The motion will be denied without prejudice to renewal before the District Director.

ORDER: It is ordered that the motion to reopen be denied.