Isidro **ABASCAL–MONTALVO,**
Petitioner,

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
Respondent.

**No. 92–3320–RDR.**

United States District Court, D. Kansas.

Sept. 29, 1995.

---

Isidro Abascal, New York City, pro se.

Melanie D. Caro, Office of United States Attorney, Topeka, KS, Emily A. Radford,

Office of Immigration & Litigation, U.S. Department of Justice, Washington, DC, Stuart M. Gerson, United States Department of Justice, Washington, DC, for respondent.

### *MEMORANDUM AND ORDER*

ROGERS, Senior District Judge.

This matter is before the court on a habeas corpus action filed pursuant to 28 U.S.C. § 2241 by a native of Cuba detained under civil immigration authority at the United States Penitentiary, Leavenworth, Kansas. Petitioner challenges a final administrative order of exclusion rendered by the Board of Immigration Appeals ("BIA").

*Factual Background*

Petitioner arrived in the United States during the 1980 Mariel boatlift from Cuba in which approximately 125,000 undocumented persons arrived in this country. Petitioner arrived in Key West Florida, in May 1980. After an initial inspection, he was denied admission and placed in detention at Fort Chaffee, Arkansas. Petitioner submitted an application for asylum in May 1980 in which he stated he was sent to this country by Cuban officials, had served fifteen months of a two year Cuban sentence, and if returned, would be required to complete his sentence.

Petitioner was released on immigration parole in July 1980. In 1983, petitioner was convicted in New York of criminal possession of a weapon and armed felony assault. He was sentenced to concurrent terms of 4 to 8 years and 2½ to 5 years for these offenses. As a result of these convictions, petitioner's immigration parole was revoked in December 1988.

By superseding charging documents issued in October 1990, petitioner was charged with being excludable pursuant to 8 U.S.C. § 1182(a)(9) due to his 1983 conviction for assault, and pursuant to 8 U.S.C. § 1182(a)(20) due to his arrival as an intending immigrant not in possession of a valid visa or other required entry document. An exclusion hearing was conducted at the United States Penitentiary, Leavenworth, Kansas, on April 13, 1992. During this proceeding, petitioner acknowledged his attempt to enter the United States in May 1980 without a passport or visa as well as his 1983 conviction and a one year jail term in 1982 for weapon possession. He submitted applications for asylum and withholding of deportation, presenting both his May 1980 application for asylum and a second application from December 1991.

In an order issued April 13, 1992, the immigration judge found petitioner excludable as charged and denied petitioner's application for asylum and withholding of deportation. The immigration judge also held the petitioner was ineligible for suspension of deportation or a waiver of visa fraud.

The Board of Immigration Appeals denied relief on administrative appeal, affirming the immigration judge's determination that petitioner was ineligible for asylum or withholding of deportation. The Board agreed petitioner is excludable, having been convicted of a particularly serious crime, and declined to consider his claim that he shot in self-defense as the victim attempted to rob him.

After pursuing administrative remedies, petitioner filed this petition for habeas corpus relief. On habeas corpus, petitioner does not specifically challenge the decision finding him excludable. Rather, petitioner identifies a number of statutes he claims provide relief. The court liberally construes the petition to challenge the findings of the Board.

### *Discussion*

The scope of judicial review afforded on habeas corpus is limited. The court is limited to the evidence produced during administrative immigration proceedings. *Marczak v. Greene,* 971 F.2d 510, 518 n. 10 (10th Cir.1992); *Kapcia v. INS,* 944 F.2d 702, 704 (10th Cir.1991), 8 U.S.C. § 1226(b). The court's review is deferential to agency expertise, and where the court finds the agency's decision is supported by substantial evidence, its findings must be upheld unless compelling evidence to the contrary is shown. *INS v. Elias–Zacarias,* 502 U.S. 478, 480–86, 112 S.Ct. 812, 815–17, 117 L.Ed.2d 38 (1992); *Rivera–Zurita v. INS,* 946 F.2d 118, 120 (10th Cir.1991). Likewise, the agency's interpretation of its statutes and regulations is

afforded deference. *Martins v. INS,* 972 F.2d 657, 659 (5th Cir.1992).

### Excludability

The BIA found petitioner excludable under § 212(a)(9) of the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(9), as an alien convicted of a crime of moral turpitude, and under § 212(a)(20) of the INA, 8 U.S.C. § 1182(a)(20), as an immigrant not in possession of a valid immigrant visa. The details of petitioner's crime support the finding concerning criminal misconduct, and petitioner acknowledges he has no valid immigration visa. The court therefore finds no basis to disturb this finding.

### Withholding of deportation or asylum

Petitioner next asserts the Board erred in failing to grant withholding of deportation or asylum. These forms of relief, however, are not available to petitioner due to his conviction of a particularly serious crime. Pursuant to 8 U.S.C. § 1253(h)(2)(B), an alien is ineligible for withholding of deportation where the Attorney General finds the alien, "having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community...." Similarly, the regulations which govern asylum applications filed after October 1, 1990, provide that neither asylum nor withholding of deportation shall be granted where the alien constitutes a danger to the community due to the . commission of a particularly serious crime. 8 C.F.R. §§ 208.14(d)(1) and 208.16(c)(2)(ii).

In evaluating petitioner's crime, the BIA considered the nature of the conviction, the circumstances and underlying facts, the sentence imposed, and whether the circumstances suggest the alien presents a danger to the community. Noting the petitioner had committed a crime against a person and the substantial criminal sentence imposed, the BIA concluded the offense was a particularly serious crime.[1] This finding is consonant with the facts contained in the record and with the BIA's consideration of similar crimes. *See Thomas v. INS,* 976 F.2d 786

---

[1]. This approach is consistent with the BIA's practice in evaluating the seriousness of a crime.

(1st Cir.1992) (discussing assault and battery with a dangerous weapon).

### Suspension of deportation

Petitioner's assertion he is entitled to suspension of deportation fails because petitioner is not an alien subject to deportation after lawful entry. Petitioner is, in contrast, excludable, a status which, as respondent notes, is not remedied by immigration parole or continued physical presence on American soil. *Leng May Ma v. Barber,* 357 U.S. 185, 188, 78 S.Ct. 1072, 1074, 2 L.Ed.2d 1246 (1958); *Garcia–Mir v. Smith,* 766 F.2d 1478, 1484 (11th Cir.1985); *Alvarez–Mendez v. Stock,* 941 F.2d 956, 963 (9th Cir.1991), *cert. denied,* —— U.S. ——, 113 S.Ct. 127, 121 L.Ed.2d 82 (1992). Accordingly, this relief is inapplicable to petitioner, as he does not satisfy the criterion of a deportable alien as required by INA § 244, 8 U.S.C. § 1254.

### Waiver of visa fraud

Petitioner also asserts he is eligible for waiver of visa fraud. This remedy was available under 8 U.S.C. § 1251(f), repealed by § 602(b)(1) of the Immigration Act of 1990, and provided relief to an alien in deportation proceedings, who was the spouse, parent, or child of a citizen or lawful permanent resident and was in possession of an immigrant visa or "otherwise admissible."

Aliens excludable due to fraud or other misrepresentation in obtaining a visa or other immigration materials nevertheless may seek a waiver of their excludability in the discretion of the Attorney General in some cases. INA § 212(i); 8 U.S.C. § 1182(i). Amendments to § 212(i) by the 1990 Act expanded the waiver to aliens seeking immigrant and nonimmigrant entry and to the adult children of citizens and lawful residents. The waiver also extends to any alien, even in the absence of the family relationship described, if the fraud occurred at least ten years prior to the application for entry, and the admission sought is "not contrary to the national welfare, safety, or security of the United States."

*See Matter of Frentescu,* 18 I & N Dec. 244 (BIA 1982).

However, petitioner does not meet the criteria of this limited means of relief, as his status as an excludable alien does not result from fraud in the application for a visa.

*Applicable regulations*

■ Petitioner argues regulations promulgated under the 1990 Immigration Act are inapplicable to his case because his criminal conviction occurred in 1983. If petitioner's argument is that the Act's automatic bars to asylum and withholding[2] for aliens convicted of an aggravated felony do not apply to him, he is correct. However, because the BIA did not apply these statutory bars in his case, he is not entitled to relief.

Rather than the automatic statutory bar contained in the 1990 Act, the BIA's action denying withholding of deportation is based upon the language of 8 U.S.C. § 1253(h), which excepted from withholding of deportation those aliens convicted of a particularly serious crime and constituting a danger to the community.[3]

■ If, instead, petitioner's argument is a challenge to the regulations applied to his application for asylum, his claim fails. The regulations promulgated in July 1990, apply to applications for asylum filed on or after October 1, 1990. 8 C.F.R. § 208.1. Petitioner submitted two applications for asylum at his April 1992 hearing, one completed in May 1980 at Fort Chaffee, and a second completed in December 1991 at the United States Penitentiary, Leavenworth. (Doc. 8, Administrative Record, pp. 118–124.)

The current regulations, effective October 1, 1990, provide that "[a]ny previously filed but unadjudicated asylum application must be resubmitted by the alien to the Immigration Judge." 8 C.F.R. § 208.2(b). The practice of requiring resubmission of unadjudicated applications was upheld in *Silwany–Rod-*

*riguez v. INS,* 975 F.2d 1157 (5th Cir.1992). In *Silwany–Rodriguez,* the court reviewed the BIA's ruling, in *Matter of B—,* Interim Decision (BIA) 3164 (1991 WL 353531), that a subsequent filing of an application with an immigration judge requires the application to be evaluated under the current regulations. In that case, the BIA, noting the initial system of interim regulations and the express intent to implement permanent procedures after a period of experience and review, found adjudication of applications for asylum under the current regulations served the purpose of the statutory scheme to remove eligibility for asylum for aliens convicted of aggravated felonies or particularly serious crimes, while a contrary result would make asylum available to aliens convicted of crimes for a number of years despite the current regulations.

The court agrees the BIA's interpretation of the regulatory scheme is reasonable, as it provides for similar treatment of those similarly situated. Therefore, under the deferential standard of review which applies to agency interpretation, the BIA's reading must be upheld. Petitioner's applications for asylum were properly treated as new applications and evaluated under the 1990 regulations.

*Conclusion*

For the reasons set forth, the court concludes the decision of the BIA in this matter is supported by substantial evidence and a reasonable interpretation of the applicable statutory and regulatory authority.

IT IS THEREFORE ORDERED the petition for habeas corpus is denied.

---

**2.** The statutory bars are set forth at 8 U.S.C. §§ 1158(d) and 1253(h)(2)(B).

**3.** Title 8 U.S.C. § 1253(h) (1982) provided, in relevant part:

(h) Withholding of deportation or return

(1) the Attorney General shall not report or return any alien (other than an alien described in section 251(a)(19) of this title) to a country if the Attorney General determines that such alien's life

or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion.

(2) Paragraph (1) shall not apply to any alien if the Attorney General determines that—

[...](B) the alien, having been convicted by a final judgment of a particularly serious crime, constitutes a danger to the community of the United States.