Sonny (Kilson) ELKINS, Petitioner,

v.

Michael COMFORT, Acting District Director, United States Immigration and Naturalization Service, Denver, Colorado, in his Official Capacity; John Ashcroft, United States Attorney General in his Official Capacity; James Ziglar, Commissioner, U.S. Immigration and Naturalization Service, in his Official Capacity, Respondents.

No. CIV.A. 99–B–1113(BNB).

United States District Court,
D. Colorado.

Feb. 14, 2003.

Jim Salvator, Lafayette, CO, Marc Van Der Hout, Van Der Hout & Brigagliano, San Francisco, CA, for petitioner.

Mark S. Pestal, U.S. Attorney's Office, Denver, CO, for Joseph Greene, respondent.

Papu Sandhu, U.S. Dept. of Justice, Office of Immigration Lit., Washington, DC, Mark S. Pestal, U.S. Attorney's Office,

Denver, CO, for Michael Comfort, respondent.

## MEMORANDUM OPINION AND ORDER

BABCOCK, Chief Judge.

Petitioner Sonny (Kilson) Elkins ("Petitioner"; "Mrs. Elkins") filed this petition for writ of habeas corpus on June 15, 1999. Mrs. Elkins alleges that respondents Michael Comfort, the United States Acting District Director for the Immigration and Naturalization Service ("INS"); John Ashcroft, United States Attorney General; and James Ziglar, Commissioner of the INS, (collectively "Respondents") violated her equal protection rights by excluding her from the United States and denying her request for adjustment of status to "legally admitted for permanent residence" ("Adjustment of Status"; "LPR Status"). Respondents ask the Court to affirm Mrs. Elkins' exclusion and the denial of her Adjustment of Status. The petition is adequately briefed and oral argument was held on February 6, 2003. For the reasons set forth below, I DENY the petition; AFFIRM the Board of Immigration Appeals ("BIA") ruling dismissing Mrs. Elkins' appeal of the immigration judge's exclusion order; and AFFIRM the INS district director's denial of Mrs. Elkins' application for Adjustment of Status.

### I. Facts and Procedural History

The following facts are undisputed unless otherwise noted. Sonny (Kilson) Elkins is a native of Korea. In 1975 she was convicted of marijuana possession in Korea. The court sentenced her to an eight-month term of imprisonment and suspended her sentence for two years from the date of conviction.

Three years later in 1978, Petitioner married Carlos Flores, a United States serviceman who was stationed in Korea. She and Mr. Flores gave birth to two children, now aged 23 and 21. Both children are U.S. citizens. In 1985, Petitioner's marijuana conviction was expunged pursuant to a "Certification of Lapse of Punishment" under Korean law.

Based on her marriage to Mr. Flores, Petitioner entered the United States on a parole visa in 1987. The INS renewed her parole annually, allowing her to stay in the United States, but did not grant her an immigrant visa. On June 5, 1995 the INS served her with notice of exclusion proceedings against her. The INS charged her with being excludable for having been convicted of a law relating to a controlled substance and for being an alien applying for admission who was not in possession of a visa or other valid immigration documents.

On June 12, 1995, one week after her notice of exclusion proceedings, Petitioner and Mr. Flores divorced. Later that summer, Petitioner married Jay Elkins, also a U.S. citizen, and changed her name to Sonny Elkins. She and Mr. Elkins currently live together in Colorado Springs, Colorado.

In November 1995, Mrs. Elkins filed an application to adjust her status to "lawfully admitted for permanent residence." Mr. Elkins likewise filed a Petition for Alien Relative on Mrs. Elkins' behalf. Both petitions were based on the couple's marriage.

In 1997 the immigration court ordered Mrs. Elkins excluded from the United States and deported to South Korea. It based its ruling on two premises: her presence in the country without a visa and her 1975 drug conviction in Korea. The Board of Immigration Appeals ("BIA") upheld the immigration judge's decision and dismissed Mrs. Elkins' appeal on February 23, 1999. Mrs. Elkins then appealed to the Tenth Circuit. That petition for review was dismissed on jurisdictional grounds.

Meanwhile, Mrs. Elkins' application for Adjustment of Status proceeded. On March 11, 1999, the INS denied her application, basing its decision on Mrs. Elkins' 1975 drug conviction.

Mrs. Elkins filed a petition for writ of habeas corpus with this Court on June 15, 1999. The INS moved to dismiss for lack of jurisdiction. On April 24, 2001, I held the case in abeyance pending consideration by the United States Supreme Court in *INS v. St. Cyr*, 533 U.S. 289, 121 S.Ct. 2271, 150 L.Ed.2d 347 (2001), and *Calcano–Martinez v. INS*, 533 U.S. 348, 121 S.Ct. 2268, 150 L.Ed.2d 392 (2001). Subsequent to those decisions, the INS no longer challenges jurisdiction of this Court to hear Mrs. Elkins' petition. Mrs. Elkins submitted her Supplemental Petition for Habeas Corpus and Complaint for Declaratory and Injunctive Relief on April 10, 2002. The parties explored settlement, moving several times to continue hearing on the petition. No settlement was reached.

Mrs. Elkins petitions the Court for habeas corpus relief, contending that Respondents violated her equal protection rights by giving effect to her expunged Korean drug conviction from 1975. She contends that the Federal First Offender Act ("FFOA") prohibits consideration of a simple possession conviction for immigration purposes. Accordingly, she contends, because her conviction would have been expunged under the FFOA had she been convicted under United States federal law, equal protection requires that her conviction also be given no effect with regard to immigration. Mrs. Elkins applies her constitutional argument to two different rulings: (1) the immigration judge's order of exclusion and deportation, subsequently upheld by the Board of Immigration Appeals ("BIA") and (2) the INS district director's denial of her application for ad-

justment of status to "lawfully admitted for permanent residence."

## II. The Exclusion Order

First, Mrs. Elkins' contests the immigration judge's order of exclusion and deportation dated January 2, 1997. The Board of Immigration Appeals ("BIA") upheld that decision by dismissing her appeal on February 23, 1999. As with her challenge to the denial of her Adjustment of Status, Mrs. Elkins contends that the exclusion order is predicated upon an erroneous and unconstitutional finding that her 1975 Korean conviction for possession of marijuana renders her excludable to the United States. Respondents contend that the immigration judge's decision should be affirmed because Mrs. Elkins was found excludable not only based on her drug offense, but also based on her being an alien not in possession of a valid visa or other entry documentation. I agree with Respondents.

Under 8 U.S.C. § 1182(a)(7)(A)(i)(I), an alien is inadmissible if at the time of application for admission, "[the person] is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing identification card, or other valid entry document . . . ."

■ Mrs. Elkins arrived to the United States through a grant of advance parole. "The parole of aliens seeking admission is simply a device through which needless confinement is avoided while administrative proceedings are conducted. It was never intended to affect an alien's status . . . ." *Leng May Ma v. Barber*, 357 U.S. 185, 190, 78 S.Ct. 1072, 2 L.Ed.2d 1246 (1958). The immigration court noted that she "readily admits that she arrived without a visa" and concluded that Mrs. Elkins was excludable "for being an immigrant without a visa." Mrs. Elkins forwards no argument that would make that conclusion error. Indeed, at hearing she conceded

that her exclusion order was properly based upon this premise.

Mrs. Elkins instead argues that the immigration court erred with regard to its conclusions about her drug offense. Assuming, *arguendo*, that she is correct, the immigration court still issued its decision upon a valid legal basis—the finding that Mrs. Elkins had no valid visa or other entry documentation. I therefore affirm the immigration court and BIA decisions with regard to Mrs. Elkins' exclusion proceedings.

### III. Application for Adjustment of Status to "Lawfully Admitted for Permanent Legal Residence"

Mrs. Elkins next contends that the district director's denial of her application for adjustment of status to "lawfully admitted for permanent residence" was unconstitutionally based upon her 1975 conviction for simple possession of marijuana. Without reaching the merits of her constitutional argument, I disagree.

#### A. The Definition of "Lawfully Admitted for Permanent Residence"

The term "lawfully admitted for permanent residence" is defined at 8 C.F.R. § 1.1(p).

> "The term ... means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed. *Such status terminates upon entry of a final administrative order of exclusion or deportation.*"

8 C.F.R. § 1.1(p) (emphasis added).

■ A final administrative order of exclusion occurs upon dismissal of an appeal to the Board of Immigration Appeals. *See, e.g., Hernandez–Rodriguez v. Pasquarell,* 118 F.3d 1034, 1039–1040 (5th Cir. 1997); *Kim v. Ziglar,* 276 F.3d 523, 528 (9th Cir.2002); *Abascal–Montalvo v. INS,* 901 F.Supp. 309, 311 (D.Kan.1995); 8

C.F.R. § 241.1(a) (discussing final order of removal).

■ On January 2, 1997, an immigration judge found Mrs. Elkins excludable. The BIA dismissed her appeal on February 23, 1999. Mrs. Elkins' application for Adjustment of Status was subsequently denied on March 11, 1999. Because the BIA dismissal was a final order of exclusion, it negated the possibility that the INS district director could grant Mrs. Elkins' Adjustment of Status. *See* 8 C.F.R. § 1.1(p). Therefore, even assuming that the district director wanted to grant Mrs. Elkins' application to adjust her status, he was prevented from doing so by regulation. Even if he had granted the Adjustment of Status despite 8 C.F.R. § 1.1(p), the status adjustment would have been immediately negated by the prior final order of exclusion that occurred upon BIA dismissal of Mrs. Elkins' appeal. In whole, the exclusion proceeding made the INS district director's consideration of Mrs. Elkins' application for Adjustment of Status moot.

Mrs. Elkins cites *Matter of C–H–,* 9 I. & N. Dec. 265 (BIA 1961), for the proposition that an individual with an unexecuted exclusion order is eligible for Adjustment of Status if she is eligible for an immigrant visa and otherwise admissible. On that authority, she urges the Court to remand her application for Adjustment of Status to the INS district director to consider her application without consideration of her 1975 drug conviction. But *Matter of C–H–* was decided in 1961. The INS promulgated 8 C.F.R. § 1.1(p) in 1996. *See* 61 Fed. Reg. 18900 (Apr. 29, 1996). Thus, to the extent *Matter of C–H–* held that LPR status could survive a final order of exclusion or deportation, that opinion is now overruled by regulation. I therefore conclude that, regardless of the district director's Adjustment of Status ruling, Mrs. Elkins would remain excludable. Her

challenge to the Adjustment of Status is moot.

### B. Eligibility for Change of Status to Permanent Residence

Nor was Mrs. Elkins eligible for an Adjustment of Status when she applied. The INS district director found Mrs. Elkins ineligible due to her marijuana conviction. Even if, as Mrs. Elkins contends, that premise is unconstitutional, Mrs. Elkins was not otherwise eligible. 8 C.F.R. § 245.1 discusses alien eligibility to apply for an Adjustment of Status. 8 C.F.R. § 245.1(c) categorizes aliens that are ineligible for LPR status. Those ineligible include "[a]ny alien who seeks to adjust status based upon a marriage which occurred on or after November 10, 1986, and while the alien was in exclusion, deportation, or removal proceedings, or judicial proceedings relating thereto." 8 C.F.R. § 245.1(c)(9). "[P]roceedings" begin, *inter alia*, "[w]ith the filing of a Form I–122, Notice to Applicant for Admission Detained for Hearing Before Immigration Judge, prior to April 1, 1997." 8 C.F.R. § 245.1(c)(9)(i)(C).

 The INS served Mrs. Elkins with INS Form I–122 on June 5, 1995, thereby initiating exclusion proceedings. Mr. and Mrs. Elkins married on August 23, 1995. Then, in November 1995, Mrs. Elkins filed for Adjustment of Status. Mr. Elkins filed a Petition for Alien Relative on Mrs. Elkins' behalf, also in November 1995. Both petitions were based upon the couple's marriage.

Exclusion proceedings did not terminate prior to the marriage. *See* 8 C.F.R. § 245.1(c)(9)(ii). Nor has Mrs. Elkins shown that she applied for an exemption that would render her eligible for an Adjustment of Status despite the timing of her marriage. *See* 8 C.F.R. § 245.1(c)(9)(iii)(F); 8 C.F.R. § 245.1(c)(9)(iv). Accordingly, because

Mrs. Elkins was in exclusion proceedings at the time she married, I find and conclude that Mrs. Elkins was not eligible for an Adjustment of Status at the time she applied. Her petition's challenge to the denial of that Adjustment of Status must therefore fail on this basis as well.

Accordingly, IT IS ORDERED that:

(1) Mrs. Elkins' petition for writ of habeas corpus is DENIED;

(2) The BIA ruling dismissing Mrs. Elkins' appeal and affirming the immigration judge's exclusion order is AFFIRMED; and

(3) The INS district director's denial of Mrs. Elkins' application for adjustment of status is AFFIRMED.