## MATTER OF ZAPPA

### In Exclusion Proceedings

### A-17085834

*Decided by Board August 16, 1973*

The immigration judge, whose decision in the instant exclusion proceeding was rendered on November 21, 1972, lacked jurisdiction to consider applicant's application for adjustment of status under section 245 of the Immigration and Nationality Act, as amended, notwithstanding the annually revised editions of Title 8 of the Code of Federal Regulations from January 1971 to January 1973, inclusive, inadvertently omitted in 8 CFR 245.2(a)(1) language expressly barring immigration judges from considering section 245 applications for adjustment of status in exclusion proceedings.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No immigrant visa.

ON BEHALF OF APPLICANT:
Joseph A. Gatto, Esquire
3280 Penobscot Building
Detroit, Michigan 48226
(Brief filed)

ON BEHALF OF SERVICE:
Paul C. Vincent
Appellate Trial Attorney

This is an appeal from a decision of an immigration judge, dated November 21, 1972, which found the applicant excludable from the United States under section 212(a)(20) of the Immigration and Nationality Act. The immigration judge further determined that he did not have jurisdiction to consider the applicant's application for adjustment of status since the District Director has exclusive jurisdiction to consider applications for section 245 relief except in deportation proceedings. We shall dismiss the appeal.

The applicant is a 45-year-old male alien who is a native and citizen of Italy. He first entered the United States on or about August 1, 1966 as a visitor for pleasure. He was subsequently accorded status under the fifth and the sixth preference portions of the quota allocations as set out in section 203 of the Act.

On December 21, 1971, the applicant applied for, and was granted, authorization for advance parole into the United States so that he could visit relatives in Italy. On January 20, 1972, he returned to this country and was paroled into the United States

for an indefinite period. Approximately one month later, he applied for status as a permanent resident. In a decision dated June 13, 1972, a District Director denied the application for section 245 relief and revoked the applicant's parole.

At applicant's exclusion hearing, he attempted to renew his application for section 245 relief. The immigration judge refused to consider the application and the applicant appealed to this Board from that decision. The appeal is based solely on the applicant's contention that an immigration judge has jurisdiction in an exclusion proceeding to grant relief under section 245 of the Act. The applicant based this assertion on a purported amendment to 8 CFR 245.2(a)(1) which appeared in the 1971 and succeeding issues of Title 8 of the Code of Federal Regulations. This publication erroneously incorporated into 8 CFR 245.2(a)(1) an amendment to 8 CFR 245.2(b)(1), as promulgated in 35 FR 18582 (December 8, 1970). This error was subsequently corrected in 38 FR 11340 (May 7, 1973), as follows:

### CFR Correction

In § 245.2 appearing on page 108 of title 8 revised as of January 1, 1973, an amendment to paragraph (b)(1), published at 35 FR 18582, December 8, 1970, was inadvertently incorporated into paragraph (a)(1).

Paragraph (a)(1) of § 245.2 should read as follows:

§ 245.2 Application.

(a) *General.*—(1) *Jurisdiction.*—An application for adjustment of status under section 245 of the act or section 1 of the act of November 2, 1966, by an alien after he has been served with an order to show cause or warrant of arrest shall be made and considered only in proceedings under part 242 of this chapter. In any other case, an alien who believes that he meets the eligibility requirements of section 245 of the act or section 1 of the act of November 2, 1966, and § 245.1, shall apply to the district director having jurisdiction over his place of residence.

We conclude that the entire basis for the appeal was predicated on a purported change in 8 CFR 245.2(a) which actually never occurred.

In *Matter of Wong*, 12 I. & N. Dec 407 (BIA, 1967), we analyzed 8 CFR 245.2(a)(1) and held that it refers only to expulsion proceedings. We concluded that 8 CFR 245.2(a) clearly specifies that the District Director has exclusive jurisdiction to consider an application for adjustment of status except in proceedings pursuant to section 242 of the Act after an order to show cause or a warrant of arrest has been served.

In the present case, no order to show cause or warrant of arrest has been served. Further, the proceedings were conducted pursuant to section 236 and not pursuant to section 242. Therefore, it is evident that the immigration judge did not have jurisdiction to

consider the applicant's application for relief under section 245 of the Act.

Since the applicant's parole was revoked by the District Director on June 13, 1972 and he is not in possession of a valid unexpired immigrant visa, re-entry permit, border crossing identification card, or other valid entry document required by the Immigration and Nationality Act, we conclude that the applicant is excludable from admission into the United States under section 212(a)(20) of the Act.

**ORDER:** The appeal is dismissed.