MATTER OF MANNEH

In Exclusion Proceedings

A–20460984

*Decided by Board July 8, 1977*

(1) The provision of 8 C.F.R. 236.1 which confers on immigration judges that authority which is appropriate and necessary for the disposition of cases, does not confer upon him the authority to entertain an application for adjustment of status under section 245 of the Immigration and Nationality Act, in exclusion proceedings.

(2) The immigration judge's authority in exclusion proceedings is contingent upon any limitations found elsewhere in the Act or regulations. With respect to the consideration of applications for adjustment of status filed under section 245 of the Immigration and Nationality Act, the immigration judge is only permitted to consider those made by an alien after he has been served with an order to show cause or warrant of arrest, in proceedings under section 242 of the Act. Any other alien seeking adjustment of status under section 245 must apply to the district director. See 8 C.F.R. 245.2(a)(1).

EXCLUDABLE:

Order: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—Immigrant—no visa

ON BEHALF OF APPLICANT:
Richard D. Steel, Esquire
636 Public Ledger Building
6th & Chestnut Streets
Philadelphia, Pennsylvania 19106

ON BEHALF OF SERVICE:
Mary Jo Grotenrath
Appellate Trial Attorney

BY: Milhollan, Chairman; Wilson, Maniatis, Appleman, and Maguire, Board Members

The applicant appeals from the immigration judge's decision in which he found that he lacked authority to consider the applicant's application for adjustment of status. The appeal will be dismissed.

This case was remanded to the immigration judge by order of the United States District Court (ED Pa. August 23, 1976) Civil Action No. 76–1903, for a determination of his authority to consider the application. The immigration judge concluded that he lacked authority. The applicant brought this appeal.

The applicant argues that immigration judges have authority to consider adjustment of status applications by virtue of the regulation which confers on them in the conduct of exclusion proceedings: that the authority which is "appropriate and necessary for the disposition of such cases," 8 C.F.R. 236.1. That regulation provides:

> In determining cases referred for further inquiry as provided in section 235 of the Act, special inquiry officers shall have the powers and authority conferred upon them by the Act and this Chapter. Subject to any specific limitation prescribed by the Act and this chapter, special inquiry officers shall also exercise the discretion and authority conferred upon the Attorney General by the Act as is appropriate and necessary for the disposition of such cases

Adjustment of status, he argues, is within the category of a disposition of the case which is "appropriate and necessary." He cites our decision of *Matter of Ducret*, Interim Decision 2483 (BIA 1976) in support of his argument.

In *Matter of Ducret, supra,* we found that the immigration judge by virtue of his authority to take such action "consistent with applicable provisions of law and regulation as may be appropriate to the disposition of the case" (8 C.F.R. 242.8(a)) possesses authority to grant *nunc pro tunc* permission to reapply for admission to an alien in deportation proceedings who is charged with deportation on the ground that he reentered after having been deported, without having first secured the permission of the Attorney General. The action found to be within the scope of that "appropriate to the disposition of the case" in *Matter of Ducret, supra,* was not subject to a specific limitation elsewhere in the Act or regulations, nor was it inconsistent with the Act or regulations.

In *Matter of DeG—,* 8 I. & N. Dec. 325 (BIA 1959, A.G. 1959), the Attorney General, discussing the scope of the Board's authority in exclusion proceedings encompassed by the phrase "such discretion and authority as is appropriate and necessary for the disposition of the case" held that the Board's authority over discretionary applications for relief is both subject to the limitations prescribed by the regulations and confined to the jurisdiction in which the Board is authorized to operate. *DeG—,* involved an application for relief under a different section than is sought here but like this case, it involved Service regulations which provided that the application be submitted to the District Director. The Attorney General's holding in that case is applicable here.

The immigration judge's authority in exclusion proceeding granted by 8 C.F.R. 236.1 is as quoted above:

> "[s]ubject to any specific limitation prescribed by the Act and this chapter."

We find that in this case, unlike the situation in *Ducret,* the authority sought to be brought within the scope of the immigration judge's authority is specifically limited elsewhere in the regulations to the District Directors, with the exception of the cases of aliens who have been served with Orders to Show Cause, whose applications may be considered only in deportation proceedings.

In pertinent part, the provisions of the regulations which relate to adjustment of status provide:

An application for adjustment of status under section 245 of the Act . . . , by an alien after he has been served with an order to show cause or warrant of arrest shall be made and considered only in proceedings under Part 242 of this chapter. In any other case, an alien who believes that he meets the eligibility requirements of section 245 of the Act . . . and §245.1, shall apply to the district director having jurisdiction over his place of residence. 8 C. F. R. 245.2(a)(1).

No appeal shall lie from the denial of an application by the district director but such denial shall be without prejudice to the alien's right to renew his application in proceedings under Part 242 of this chapter. . . . 8 C.F.R. 245.2(a)(4).

The above regulations, which carved out jurisdiction for immigration judges in deportation proceedings over applications for section 245 relief, were first adopted by amendments to the regulations published on December 19, 1961, 26 Federal Register 12114. Prior thereto, District Directors had sole authority over these applications. At the time that the immigration judge's authority was thus enlarged in deportation [Part 242] proceedings, no provision was adopted (and none has since been adopted) for enlarging it in exclusion [Part 236] proceedings as well.

Inasmuch as the immigration judges previously had no authority over adjustment of status applications, and given that the authority has been specifically granted in Part 242 proceedings but not in Part 236 proceedings, it cannot be found that the authority extends to immigration judges in the conduct of Part 236 proceedings. We adhere to our previous holdings in cases in which the issue of the immigration judge's authority over adjustment of status applications in exclusion proceedings was raised and rejected, *Matter of Zappa*, 14 I. & N. Dec. 405 (BIA 1973), *Matter of Wong*, 12 I. & N. Dec. 407 (BIA 1967). The regulations specifically limit the immigration judge's authority (and ours on appeal) over applications for section 245 relief to those which are filed by aliens in deportation [Part 242] proceedings. Immigration judges do not have that authority in exclusion proceedings. *Matter of Zappa, supra, Matter of Wong, supra*.

The respondent is a native and citizen of Liberia who presented himself for admission as a nonimmigrant visitor on June 7, 1972. At that time his inspection was deferred. On April 30, 1975, he was found excludable under section 212(a)(20) by the immigration judge. It is alleged that the applicant thereafter married a citizen of the United States who filed a Form 130 petition on his behalf which was approved on March 24, 1976. An application thereafter for adjustment of status was apparently made to and denied by the District Director. The applicant seeks to renew his application in these exclusion proceedings which were

reopened by the order of the court. The decision of the immigration judge was correct that he has no jurisdiction to consider the matter.

**ORDER:** The appeal is dismissed.