# In re Jose CASTRO-Padron, Applicant

*Decided June 14, 1996*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

(1) In exclusion proceedings, jurisdiction over an alien's application for adjustment of status generally lies with the district director of the Immigration and Naturalization Service.

(2) The regulations at 8 C.F.R. §§ 245.2(a) and 236.4 (1994) grant limited jurisdiction to the Immigration Judge in exclusion proceedings to adjudicate adjustment applications that have been denied by the district director, but only if the alien, after first having been inspected and admitted into the United States, had applied to adjust status and then departed the country under a grant of advance parole.

FOR APPLICANT: Eduardo Soto, Esquire, Coral Gables, Florida

FOR IMMIGRATION AND NATURALIZATION SERVICE: James K. Grim, Assistant District Counsel

BEFORE: Board En Banc: SCHMIDT, Chairman; DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, VILLAGELIU, FILPPU, COLE, ROSENBERG, MATHON, and GUENDELSBERGER, Board Members.

VILLAGELIU, Board Member:

The applicants have filed a motion to reopen to apply for adjustment of status under section 245 of the Immigration and Nationality Act, 8 U.S.C. § 1255 (1994). The motion is based on an approved family-based immigrant visa petition with a current priority date. This matter was last before the Board on June 15, 1992, when we dismissed the applicants' appeal from an Immigration Judge's decision. The applicants' motion will be denied.

The applicants' adjustment of status application is within the sole jurisdiction of the district director in this case. In exclusion proceedings, the Immigration Judges and the Board generally lack jurisdiction to entertain an application for adjustment of status under section 245 of the Act. *Matter of Manneh,* 16 I&N Dec. 272 (BIA 1977). The authority of both the Immigration Judges and the Board is subject to the limitations prescribed by the Act or the regulations. *Id.* The regulations specifically limit the Immigration Judge's authority (and ours on appeal) over applications for section 245 relief to those which are filed by aliens in deportation proceedings after an Order to

Show Cause or warrant of arrest has been served. 8 C.F.R. § 245.2(a)(1) (1995).

There is a limited exception to this jurisdictional bar pursuant to the regulations at 8 C.F.R. §§ 245.2(a) and 236.4 (1995). These regulations grant limited jurisdiction to the Immigration Judge in exclusion proceedings to adjudicate adjustment applications that have been denied by the district director, but only if the alien, after first having been inspected and admitted into the United States, had applied to adjust status and then departed the country under a grant of advance parole pursuant to section 212(d)(5) of the Act, 8 U.S.C. § 1182(d)(5) (1994). These circumstances do not pertain here.

The applicants are a family, including a married couple and their son. They seek to adjust status on the basis of an approved immigrant visa petition with a current priority date that was filed in the husband's behalf by his United States citizen brother. The applicants can file their adjustment applications with the district director of the Immigration and Naturalization Service, who has sole jurisdiction over the application and can act on the application independently of these proceedings. *See Matter of Manneh, supra; Matter of C-H-*, 9 I&N Dec. 265 (R.C. 1961); 8 C.F.R. § 245.2(a)(1) (1995).

Based on the foregoing, the following order will be entered.

**ORDER:**     The motion is denied.