

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

9-30-2002

# Shahid Qureshi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 01-2558

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Shahid Qureshi v. Atty Gen USA" (2002). *2002 Decisions.* Paper 632.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/632

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

———

NO. 01-2558/01-4399

———

SHAHID QURESHI,

Petitioner

v.

JOHN ASHCROFT, Attorney General
of the United States

Respondent

———

On Review of a Decision of the
Board of Immigration Appeals
(I.N.S. No. A36-014-846)

———

Submitted Under Third Circuit LAR 34.1(a)
September 9, 2002

Before: SLOVITER, RENDELL, and FUENTES, Circuit Judges

(Filed September 30, 2002)

———

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Shahid Qureshi filed two petitions for review of decisions of the Board of Immigration Appeals (BIA or Board), which we have consolidated on appeal. In his first petition, Qureshi seeks review of the Board's order finding him excludable pursuant to former section 212(a)(2) of the Immigration and Nationality Act (INA), 8 U.S.C. § 1182(a)(20) (current version at 8 U.S.C. § 1182(a)(7)(i)(I) (2002)), and ordering him excluded and deported from the United States. The second petition seeks review of the Board's denial of Qureshi's motions to reopen and reconsider that decision. We will deny both petitions for review.

## I.

## BACKGROUND

Qureshi's proceedings with the INS have been complicated and protracted, beginning soon after his arrival in the United States in 1974 when he overstayed his visa. Inasmuch as we are writing only for the parties, we need not set forth the extensive factual and procedural background of this matter, except as may be helpful to our brief discussion.

We begin our brief recitation of the facts with Qureshi's 1986 deportation proceedings in which Qureshi was charged as deportable for being excludable at the time of his last entry and for his conviction for making false statements on his application for an immigrant visa. At those proceedings, Qureshi conceded deportability and was granted voluntary departure in lieu of deportation. He left the United States and, at the American Consulate in Toronto, sought an immediate relative visa based on his marriage to a United

2

States citizen. The consulate determined that Qureshi was not eligible for a visa based on its belief that Qureshi was a drug trafficker.

In 1990, Qureshi was paroled into the United States. That parole was eventually revoked and Qureshi was placed in exclusion proceedings on February 15, 1991. Qureshi was charged with being inadmissible pursuant to former INA sections 212(a)(20) and (23), 8 U.S.C. § 1182(a)(20) and (23) (current versions at 8 U.S.C. § 1182(a)(7)(i)(I) and (2)(C)), as an alien not having a valid immigrant visa and as a controlled substance trafficker. The immigration judge (IJ) found Qureshi inadmissible on both grounds and, after a change in venue, another IJ denied Qureshi's requests for asylum and withholding of exclusion, and denied Qureshi's request for a waiver of inadmissibility pursuant to former INA section 212(c), 8 U.S.C. § 1182(c) (repealed 1997), because such relief was only available to lawful permanent residents (a status Qureshi had lost when he accepted voluntary departure in the 1986 proceedings).

Qureshi challenged this decision on appeal to the Board. In an amended order filed on April 18, 2001, the Board vacated the IJ's decision with respect to the conclusion that Qureshi was inadmissible as a controlled substance trafficker for insufficient evidence. However, the Board upheld the remainder of the IJ's decision and ordered Qureshi excludable as an immigrant not having a valid visa.

Qureshi filed motions to reopen and reconsider that decision and on November 14, 2001, the Board denied the motions. Qureshi filed petitions for review with this court of both the Board's initial order and its denial of the motions to reconsider and reopen.

3

## II.

## JURISDICTION

Qureshi filed two petitions for review in this case and we must consider our jurisdiction over them separately. Because Qureshi's final order of deportation was issued after October 31, 1996 and his immigration proceedings commenced before April 1, 1997, the transitional rules enacted by the Illegal Immigrant Responsibility and Immigration Reform Act (IIRIRA) of 1996, Pub. L. No. 104-208, 110 Stat. 3009 (1996), apply. Thus, our jurisdiction arises under former INA section 106(a)(1), 8 U.S.C. § 1105a(a)(1), as modified by IIRIRA § 309. INA section 106 has since been repealed and replaced with a new judicial review provision, but the new provision does not apply to this transitional case. Under the transitional rules, "the petition for judicial review must be filed not later than 30 days after the date of the final order of exclusion or deportation." IIRIRA § 309(c)(4)(C), 110 Stat. at 3009-626.

Qureshi first filed a petition for review of the Board's April 18 decision. After the Board issued its November 14 decision denying Qureshi's motions to reopen and reconsider the April 18 decision, Qureshi filed a petition for review of the November 14, 2001 decision. This latter petition was filed on December 18, 2001, within the thirty-day time limit. Thus, we have jurisdiction to review this decision of the Board, which raises similar legal issues as the initial petition.

Some question exists over our jurisdiction to review Qureshi's first petition for review of the Board's April 18 decision. The Board filed its amended and final decision on

4

Qureshi's appeal on April 18. It mailed a copy of that decision to Qureshi on the same day, Admin. Record at 64, and mailed a courtesy copy to Qureshi's former attorney. App. at 5. In a footnote to its decision, the Board stated that "[a]lthough the applicant's attorney did not file a Notice of Appearance Before the Board of Immigration Appeals (Form EOIR-27), we shall serve a courtesy copy on Attorney Sporn [Qureshi's former attorney]." App. at 5 n.1. However, on April 12, 2001, prior to the Board's decision, Qureshi's current counsel filed a Notice of Appearance with the Board. Despite his appearance prior to the issuance of the decision, no copy of the decision was mailed to his current counsel until May 16, 2001. Counsel then filed a petition for review of the April 18 decision on June 18, 2001, within thirty days of his receipt of the decision.

INS regulations address proper service of Board decisions upon parties. 8 C.F.R. § 3.1(f) (2002) provides that "decisions of the Board shall be in writing and copies thereof shall be transmitted by the Board to the Service and a copy shall be served upon the alien or party affected as provided in part 292 of this chapter." Section 292.5 provides that service "shall be . . . served by or upon . . . the attorney or representative of record, or the person himself if unrepresented." 8 C.F.R. § 292.5(a). The government argues that service was proper because the decision was mailed to the petitioner himself at the petitioner's address of record. However, the regulations themselves suggest that if a petitioner is represented by counsel, service must be made upon petitioner's counsel of record. See 8 C.F.R. § 292.5(a).

Because our conclusion with respect to the merits of the second petition applies

5

with equal force to the issues presented in the first petition, we do not need to decide whether the first petition is properly before us.

## III.

## STANDARD OF REVIEW

We give deference to the Board's determinations with respect to questions of law. See Abdulai v. Ashcroft, 239 F.3d 542, 551 (3d Cir. 2001). We are "limited to determining whether 'the statute is silent or ambiguous with respect to the specific issue,' and, if so, 'whether the agency's answer is based on a permissible construction of the statute.'" Id. at 551-52 (quoting Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843 (1984)). This deference extends to the Board's interpretations of INS regulations. Abdille v. Ashcroft, 242 F.3d 477, 484 (3d Cir. 2001) (giving deference unless agency's interpretation is "plainly erroneous or inconsistent with the regulation") (quoting Bowles v. Seminole Rock & Sand Co., 325 U.S. 410, 414 (1945)).

We must uphold the Board's findings of fact so long as they are supported by substantial evidence. Abdille, 242 F.3d at 483. We only reverse the Board's findings if the evidence "not only supports a contrary conclusion, but compels it." Id. at 484.

We review the Board's denial of a motion to reopen for abuse of discretion, "mindful of the 'broad' deference that the Supreme Court would have us afford." Xu Yong Lu v. Ashcroft, 259 F.3d 127, 131 (3d Cir. 2001).

## IV.

## DISCUSSION

6

**A.**

Qureshi argues that he is entitled to a Waiver of Excludability pursuant to INA § 212(h), 8 U.S.C. § 1182(h) (2002). However, this waiver is unavailable to petitioners, such as Qureshi, who are inadmissible for lacking valid entry documents. Qureshi was found inadmissible by the IJ for violating INA § 212(a)(20), 8 U.S.C. § 1182(a)(20) (current version at 8 U.S.C. § 1182(a)(7)(A)(1)), which states that any immigrant who does not possess valid entry papers is inadmissible.[1] Section 212(h) provides a waiver only as follows:

> (h) Waiver of subsection (a)(2)(A)(i)(I), (II), (B), (D), and (E)
>
> The Attorney General may, in his discretion, waive the application of subparagraphs (A)(i)(I) [inadmissibility for crimes involving moral turpitude], (B) [inadmissibility for multiple criminal convictions], (D) [inadmissibility for prostitution], (E) [inadmissibility for engaging in serious criminal activity with immunity from prosecution] of subsection (a)(2) of this section and subparagraph (A)(i)(II) [inadmissibility for controlled substance violations] of such subsection . . . if–
>
> . . . .
>
> > [1](B) in the case of an immigrant who is the spouse, parent, son, or daughter of a citizen of the United States or an alien lawfully admitted for permanent residence if it is established to the satisfaction of the Attorney General that the alien's denial of admission would result in extreme hardship to the United States citizen or lawfully resident spouse, parent, son, or daughter of such alien . . .

8 U.S.C. § 1182(h).

---

[1] The IJ had also found Qureshi inadmissible under INA § 241(a)(23), 8 U.S.C. § 1182(a)(23), for trafficking in controlled substances, but the Board vacated that finding and it has no effect on our decision.

Although Qureshi appears to meet the latter requirement of being the spouse and parent of United States citizens who might suffer extreme hardship without him, he does not qualify for this waiver because he is not inadmissible for any of the listed grounds. Thus the Board acted well within its discretion in denying the motion to reopen to apply for a section 212(h) waiver.

## B.

Qureshi states that he has filed two applications for Adjustment of Status with the INS and has not received any ruling on those applications. He argues before us that those applications "should be processed and approved." Br. of Appellant at 13. However, despite our concern that the INS would allow Qureshi's application to linger unresolved for nine years, the power to approve an application for adjustment of status lies with the INS District Director and not with the IJ. See 8 C.F.R. § 245.2 (stating that application for adjustment of status must be made to "the director having jurisdiction over [the immigrant's] place of residence"); In re Castro-Padron, 21 I. & N. Dec. 379 (BIA 1996) ("The . . . adjustment of status application is within the sole jurisdiction of the district director . . . . In exclusion proceedings, the Immigration Judges and the Board generally lack jurisdiction to entertain an application for adjustment of status."). Accordingly, the Board correctly held that it had no jurisdiction to consider his application for remand to the INS for adjudication.

## C.

Qureshi challenges the validity of his 1986 deportation order alleging that his

former counsel ineffectively represented him in that proceeding by advising him to concede deportability and accept voluntary departure. Qureshi argues that his counsel should have sought adjustment of status based upon an approved visa petition. Such relief might have allowed Qureshi to retain his lawful permanent resident status and thereby render him eligible for a waiver of inadmissibility under former INA § 212(c), 8 U.S.C. § 1182(c). Instead, Qureshi followed his counsel's advice, conceded deportability, and was granted relief from deportation in the form of voluntary departure.

An immigrant may collaterally attack a prior order of exclusion or deportation in a subsequent exclusion proceeding "only if she can show that the prior order resulted in a gross miscarriage of justice." See In re Roman, 19 I. & N. Dec. 855, 856-57 (BIA 1988). No such miscarriage of justice occurred here. As the Board concluded after review of the transcript of the 1986 deportation proceeding, the decision to seek voluntary departure was a tactical decision that could have resulted in a positive outcome for Qureshi had he not had his subsequent visa petition denied due to his drug arrest. Although adjustment of status presented a form of relief that Qureshi's counsel could have pursued and which may have been successful, we cannot conclude that the Board abused its discretion in holding that the decision to seek voluntary departure did not constitute egregious conduct by counsel supporting Qureshi's ineffective assistance of counsel claim.

## V.

## CONCLUSION

For the reasons set forth, we will deny the petitions for review.

9

_____

TO THE CLERK:

Please file the foregoing opinion.

/s/ Dolores K. Sloviter
Circuit Judge