For the foregoing reasons, the judgment of the district court is AFFIRMED.

**Yun–Zhu CHEN, Petitioner–Appellant,**

v.

**John ASHCROFT, Attorney General of the United States, Respondent–Appellee.**

**No. 02–4082.**

United States Court of Appeals, Second Circuit.

March 14, 2003.

Gang Zhou, New York, NY, for Petitioner–Appellant.

Michael R. Holden, Assistant United States Attorney (Kathy S. Marks, Sara L. Shudofsky, Assistant United States Attorneys, on the brief), for James B. Comey, United States Attorney for the Southern District of New York, New York, NY, for Respondent–Appellee.

PRESENT: CALABRESI, SACK, Circuit Judges, and PAULEY, District Judge.[*]

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 14th day of March, two thousand and three.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Petitioner Yun–Zhu Chen appeals from an order of the Board of Immigration Appeals ("BIA") affirming an Immigration Judge's ("IJ") January 16, 2001 decision, which denied Petitioner's motion to reopen an order of exclusion and deportation that had become final more than four years earlier.

The government argues that we lack jurisdiction to review the denial of Petitioner's motion to reopen, advancing the theory (a) that Petitioner failed to appeal one of two independent grounds for the IJ's decision to the BIA, and (b) that such noncompliance with the Immigration and Nationality Act's exhaustion provisions constitutes a "clear jurisdictional bar" to review in a United States Court of Appeals. We decline to reach the jurisdictional question because, assuming jurisdiction *arguendo*, the case is more simply resolved in the government's favor on the merits. *Cf. Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 816 n. 11 (2d Cir. 2000) (recognizing power of the court to assume the existence of jurisdiction where the question of jurisdiction is statutory rather than constitutional). On the merits, the decisive question is the tardiness of Petitioner's motion to reopen.

In 1990, Congress amended the Immigration and Nationality Act to direct the Attorney General to "issue regulations establishing, for the first time, a filing deadline for motions to reopen." *Iavorski v.*

---

[*] The Honorable William H. Pauley III, United States District Court for the Southern District of New York, sitting by designation.

*INS*, 232 F.3d 124, 129 (2d Cir.2000). The Attorney General has since decided to give persons subject to a final order of deportation, removal, or exclusion 90 days from the date of the order to move for reopening. *See* 8 C.F.R. § 3.23(b)(1). This rule has several exceptions, including: (1) where a (renewed) application for asylum or withholding of deportation is based on changed country conditions, the evidence for which is "material and was not available and could not have been discovered or presented at the previous proceeding," 8 C.F.R. § 3.23(b)(4)(i); (2) where the underlying order was entered in abstentia or in removal proceedings where the alien could not appear due to certain "exceptional circumstances," 8 C.F.R. § 3.23(b)(4)(ii) & (iii); (3) where the motion is filed jointly by the alien and the INS pursuant to 8 C.F.R. § 3.23(b)(4)(iv); and (4) where "equitable tolling" excuses the alien's belated motion, *see Iavorski*, 232 F.3d at 129, 134.

Petitioner calls on us to recognize a "changed personal conditions" exception analogous to "changed country conditions." We need not, however, decide whether such an implicit exception exists. Any such exception would, of course, be subject to reasonable time limits, and Petitioner's motion to reopen was unjustifiably late. The changed condition to which Petitioner directs our attention is her recently born second child, whose existence, she asserts, would expose her to persecution under China's coercive family planning laws, were she deported. But Petitioner brought her motion to reopen some 17 months after the birth of this child. We agree with the IJ and the BIA that this delay renders Petitioner's motion untimely.[1]

We have considered the petitioner's remaining arguments and find them without merit. Accordingly, because timeliness was an adequate ground for the BIA's decision,[2] the judgment of the BIA is AFFIRMED.[3]

---

**1.** The petitioner argues, based on recent State Department reports, that her 17–month delay was excusable because, near the time of the birth of her second child, there was a transient softening in birth-control enforcement in her home province. The government responds, based on the same reports, that no material relaxation of enforcement occurred. These reports could have been presented to the BIA but were not, and, in any event, were we to consider the reports, we would deem the government to have the better argument. Certainly the substance of these reports is inadequate to justify a remand to the BIA.

**2.** There is one question that Petitioner raises on appeal to which the timeliness argument does not apply, to wit, whether a "motion to reopen" is a proceeding by which a petitioner may seek an adjustment of his or her status on the basis of family ties to the United States (e.g., a citizen spouse, or citizen children). The IJ, the BIA, and the government all contend that the relevant INS district director has exclusive jurisdiction over Chen's petition for adjustment of status. *See In re Jose Castro–Padron*, 21 I. & N. Dec. 379 (BIA 1996); 8 C.F.R. § 245.2(a)(1). Petitioner has not cited any authority to the contrary, and we have found none.

**3.** In September 2002, Petitioner moved for a stay of deportation pending disposition of her appeal to this court. Her motion, which was referred to the merits panel, is now denied as moot.