IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 1, 2008

Charles R. Fulbruge III
Clerk

No. 06-60625
Summary Calendar

———

AMIRALI S. MAKNOJIA,

Petitioner,

v.

MICHAEL B. MUKASEY,
U.S. Attorney General,

Respondent.

———

Petition for Review of an Order of
the Board of Immigration Appeals
No. A78 128 712

———

Before REAVLEY, SMITH, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Amirali Maknojia, a native and citizen of Pakistan, petitions for review of

———

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a decision of the Board of Immigration Appeals ("BIA") dismissing his appeal of a removal order of an immigration judge ("IJ") and the IJ's denial of his motion to remand. Maknojia contends the BIA erred in concluding that he was ineligible to seek adjustment of status in his removal proceedings. Specifically, he argues that the narrow exception set forth in 8 C.F.R. § 1245.2(a)(1)(ii) applied and, thus, the IJ had jurisdiction to adjudicate his adjustment application.

Maknojia was not pursuing or attempting to renew his previously filed marriage-based adjustment application but was seeking to have the IJ adjudicate an employment-based adjustment application. That application, however, was not a "previously filed application" for purposes of § 1245.2(a)(1)(ii). Although Maknojia filed the application with the United States Citizenship and Immigration Services ("USCIS"), he had not departed from the United States since filing the application, he had not returned to the United States pursuant to a grant of advance parole to pursue that application, and that application had not been denied by the USCIS. Therefore, the narrow exception set forth in § 1245.2(a)(1)(ii) did not apply, and the IJ lacked jurisdiction to adjudicate the application. See § 1245.2(a)(1)(ii).

Alternatively, Maknojia requests that his petition for review be held in abeyance pending the USCIS's adjudication of his application. He cites no authority for the request. Further, the USCIS's adjudication of Maknojia's adjustment application is independent of his removal proceedings. See In re Castro-Padron, 21 I.&N. Dec. 379, 380 (BIA 1996). Therefore, the request is denied.

In his brief filed in support of his petition for review, Maknojia does not assert that the IJ erred in denying his motion to continue, nor does he challenge the BIA's determination that the deletion of 8 C.F.R. § 245.1(c)(8) mooted his arguments regarding its validity. Therefore, these claims are deemed abandoned. See Soadjede v. Ashcroft, 324 F.3d 830, 833 (5th Cir. 2003).

The petition for review is DENIED.