IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 11, 2008

Charles R. Fulbruge III
Clerk

No. 07-60350
Summary Calendar

BEN JIE LIN, also known as Bin-Jie Lin

Petitioner

v.

MICHAEL B MUKASEY, U S ATTORNEY GENERAL

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A72 780 871

Before REAVLEY, SMITH, and DENNIS, Circuit Judges.
PER CURIAM:[*]

Ben Jie Lin, a native and citizen of China, filed a petition to review the Board of Immigration Appeals' (BIA) order denying his untimely motion to reopen removal proceedings.

Lin contends that the time limitations in 8 C.F.R. § 1003.2(c)(2) should have been equitably tolled based on ineffective assistance of counsel. Because equitable tolling is not a basis for filing an untimely or numerically-barred motion under the statute or regulations, this argument is in essence an

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

argument that the BIA should have exercised its discretion to reopen the proceeding sua sponte based upon the doctrine of equitable tolling. In Enriquez-Alvarado v. Ashcroft, 371 F.3d 246, 248-50 (5th Cir. 2004), we concluded that there is no meaningful standard by which to review an immigration judge's discretionary decision not to exercise his or her sua sponte authority to reopen a deportation proceeding where the motion to reopen was untimely. Therefore, we lack jurisdiction to consider whether the BIA should have sua sponte reopened Lin's removal proceedings based on ineffective assistance of counsel. Regardless, Lin has not shown that he is entitled to equitable tolling because he has failed to establish ineffective assistance of counsel under Matter of Lozada, 19 I&N Dec. 637 (BIA 1988), aff'd, 857 F.2d 10 (1st Cir. 1988) and has not shown that he acted with due diligence in presenting his ineffective assistance of counsel claim.

Lin's argument that his counsel's ineffective assistance, as well as the BIA's failure to provide him directly with notice of its October 2000 decision, violates his constitutional due process rights is unavailing because the denial for discretionary relief does not amount to a deprivation of a liberty interest. See Altamirano-Lopez v. Gonzales, 435 F.3d 547, 550 (5th Cir. 2006). Therefore, Lin cannot establish a due process violation. Id.

Lin's argument that the Government should be equitably estopped from applying the 90 day time bar against him is also unavailing. Because Lin raises this claim for the first time in his petition for review, the claim is unexhausted and this court lacks jurisdiction to review it. See 8 U.S.C. § 1252(d); Wang v. Ashcroft, 260 F.3d 448, 452-53 (5th Cir. 2001) (citing Goonsuwan v. Ashcroft, 252 F.3d 383, 388-89 (5th Cir. 2001)).

This court also lacks jurisdiction to review the BIA's decision not to exercise its sua sponte authority to reopen the proceedings based on Lin's claim that he and his wife were subjected to China's coercive family planning policies. See Enriquez-Alvarado, 371 F.3d at 249-50.

Finally, Lin does not address the BIA's conclusion that, pursuant to In re Castro-Padron, 21 I. & N. Dec. at 380, the BIA generally lacks jurisdiction to consider his claim that the motion to reopen should be granted because of his pending derivative adjustment application. Accordingly, he has waived any challenge to this issue. See Soadjede v. Ashcroft, 324 F.3d 830, 838 (5th Cir. 2003) (failure to brief basis of BIA decision amounts to abandonment of challenge to that basis).

PETITION DISMISSED.