SUMMARY ORDER
Richard Dekyi, a native and citizen of the Republic of Liberia, pro se, petitions for review of an April 4, 2008 order of the BIA denying his motion to reconsider its January 3, 2008 order denying his motion to reopen his exclusion proceedings. Petitioner’s exclusion proceedings concluded on June 15, 1993 when an Immigration Judge (“IJ”) ordered petitioner excluded in absentia after he failed to appear at hearing to determine whether, among other things, he had entered the United States with a “visa or other documentation [procured] by fraud” in violation of 8 U.S.C. § 1182(a)(6)(C)(i). In his petition for review of the April 8, 2008 order, petitioner argues principally that his motion to reconsider should have been granted to allow the United States Citizenship and Immigration Services (“USCIS”) to adjudicate his then-pending adjustment of status application based on his marriage to a United States citizen. We assume the parties’ familiarity with the underlying facts and procedural history of the case.
We review the BIA’s denial of a motion to reopen proceedings or reconsider an order for abuse of discretion. See, e.g., Jin Ming Liu v. Gonzales, 439 F.3d 109, 111 (2d Cir.2006). An abuse of discretion may be found where the BIA’s decision *393 “provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner.” Kaur v. BIA, 413 F.3d 232, 233-34 (2d Cir.2005).
As a preliminary matter, we note that the BIA’s decision denying petitioner’s motion for reconsideration did not revisit its January 3, 2008 denial of his motion to rescind his order of exclusion, and petitioner has not challenged the BIA’s determination that his failure to appear before the IJ in 1993 was not based on reasonable cause. Accordingly, we deem this claim abandoned and will not consider it. Norton v. Sam’s Club, 145 F.3d 114, 117 (2d Cir.1998) (“Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.”); see also Gui Yin Liu v. INS, 508 F.3d 716, 723 n. 6 (2d Cir.2007) (same).
Petitioner’s reliance on Sheng Gao Ni v. BIA, 520 F.3d 125 (2d Cir.2008) is misplaced. In Sheng Gao Ni, we held that the BIA erred when it denied, on jurisdictional grounds, a motion to reopen exclusion proceedings so that individuals could pursue status adjustment before the US-CIS. Id. at 127. In that case, we noted that the BIA’s “rote recital of a jurisdictional statement — even if technically accurate — [did] not adequately discharge [its] duty to consider the facts of the record relevant to the motion and provide a rational explanation for its ruling.” Id. at 129-30 (internal quotation marks omitted). In this case, the BIA’s January 3, 2008 denial of petitioner’s motion to reopen, which the BIA declined to reconsider in its April 4, 2008 order, demonstrated careful consideration of the record. In its January 3, 2008 order, the BIA correctly concluded that the IJ lacked jurisdiction to consider petitioner’s application for adjustment of status, see Matter of Castro-Padron, 21 I. & N. Dec. 379, 379 (BIA 1996) (“In exclusion proceedings, the Immigration Judges and the [BIA] generally lack jurisdiction to entertain an application for adjustment of status under section 245 of the [Immigration and Naturalization] Act.”), and held that petitioner had failed to establish reasonable cause for his failure to appear at his 1993 proceeding and, accordingly, was not entitled to have his proceedings reopened. The BIA also observed that petitioner “did not seek to reopen his proceeding until more than 13 years had elapsed [from] the time he was placed in exclusion proceedings,” and, in the meantime, had “sought to adjust his status under a different name and alien number.” Administrative Record (“A.R.”) at 53. In denying petitioner’s motion for reconsideration of its January 3, 2008 order, the BIA stated that it found “no error” in that decision. A.R. 2 (April 4, 2008 BIA order).
In any event, unlike the individuals in Sheng Gao Ni, petitioner’s underlying motion to reopen did not comply with the basic procedural requirements for filing such a motion. It is undisputed that petitioner filed his motion to reopen more than thirteen years after the IJ ordered him excluded. This obviously contravened the ninety-day time limit for filing a motion to reopen a BIA determination, see 8 C.F.R. § 1003.2(e)(2), which is subject only to limited exceptions not applicable here, see 8 C.F.R. § 1003.2(c)(3). Although the BIA did not base its denial of petitioner’s motion to reopen on timeliness grounds, because the record shows that the motion was clearly untimely, the BIA did not abuse its discretion in refusing to reconsider its decision denying petitioner’s motion to reopen. See Iavorski v. INS, 232 F.3d 124, 134 (2d Cir.2000) (“[W]e may affirm the BIA’s [decision] ... on grounds not stated in the decision if we are certain, *394 given the facts, as to how the BIA would have resolved this issue.”).
For the foregoing reasons, the petition for review is DENIED, and our May 8, 2009 order granting a stay of deportation pending resolution of this petition is VACATED.