07-0556-ag
*Jabar v. Holder*

## UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, in the City of New York, on the 21st day of April, two thousand and ten.

PRESENT:
> JOHN M. WALKER, JR.,
> CHESTER J. STRAUB,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

_____

FAZAL JABAR, also known as ABDOOL FAZAL JABAR,

> *Petitioner*,

> v.                                                                No. 07-0556-ag

UNITED STATES DEPARTMENT OF JUSTICE,
ERIC H. HOLDER, JR., UNITED STATES ATTORNEY
GENERAL,

> *Respondents.*\*

_____

> Khagendra Gharti-Chhetry, Chhetry & Associates, New

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder, Jr., is automatically substituted for former Attorney General Alberto R. Gonzales as respondent for this case. The Clerk is respectfully directed to amend the official caption to conform to that listed above.

York, NY, *for Petitioner*.

Tony West, Assistant Attorney General; Janice K. Redfern, Sr. Litigation Counsel; Thankful T. Vanderstar, Attorney; Office of Immigration Litigation, United States Department of Justice, Washington D.C., *for Respondents*.

Upon due consideration of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, and DECREED that the petition for review is DENIED.

Petitioner Fazal Jabar, a native and citizen of Guyana, seeks review of a January 19, 2007 order of the BIA dismissing his appeal of the July 21, 2005 order of Immigration Judge ("IJ") Philip J. Montante, Jr., which denied Petitioner's applications for waiver of inadmissibility and adjustment of status and ordered Petitioner excluded from the United States. *In re Fazal Jabar*, No. A71 970 901 (B.I.A. Jan. 19, 2007), *dismissing* No. A071 971 901 (Immig. Ct. Buffalo Jul. 21, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case and with the issues presented for review.

Under the circumstances presented in this case, we review the decision of the IJ as supplemented by the BIA. *See Dong Gao v. BIA*, 482 F.3d 122, 125 (2d Cir. 2007). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). Specifically, we review questions of law and the application of law to undisputed fact *de novo*. *Yanqin Weng*, 562 F.3d at 513. Here, we review *de novo* the BIA's conclusion that it and the IJ lacked jurisdiction over Petitioner's applications.

Citing the BIA's decision in *In re Castro-Padron*, 21 I. & N. Dec. 379 (B.I.A. 1996) (en banc) and 8 C.F.R. § 245.2(a)(1) (2005), the IJ noted that he lacked jurisdiction over applications

for adjustment of status by an alien in exclusion proceedings, except in limited circumstances not present in the case.[1] The IJ further concluded that Petitioner was an "arriving alien" under § 245.1(c)(8), because had not carried his burden under 8 C.F.R. § 245.22 (2005) to demonstrate that he had reentered the United States on any particular date after his initial arrest in February 1992. The IJ indicated that Petitioner could file his adjustment application with the district director.

The BIA dismissed the appeal on the ground that it lacked jurisdiction over Petitioner's adjustment application pursuant to *Castro-Padron* because Petitioner remained subject to exclusion proceedings. It rejected Petitioner's argument that his departure from the United States in 1992 and alleged subsequent return meant that his original 1992 exclusion proceeding had terminated, noting that "the mere allegation of a subsequent reentry into this country is not sufficient to defeat exclusion proceedings that have already commenced," and that Petitioner had conceded the grounds of excludability. *In re Fazal Jabar*, A71 970 901 (B.I.A. 2007).

In *Castro-Padron*, the BIA held that "[i]n exclusion proceedings, the Immigration Judges and the Board generally lack jurisdiction to entertain an application for adjustment of status under section 245 of the [INA]." *Castro-Padron*, 21 I. & N. Dec. at 379. In line with *Castro-Padron*, the relevant regulations at the time the IJ considered Petitioner's application directed a person in Petitioner's situation to file his application for adjustment of status with the district director, and did not provide for such an application to be made in exclusion proceedings. 8 C.F.R. § 245.2(a)(1) (2005).

---

[1] The IJ cited 8 C.F.R. § 245.1 (2005). This provision applied to cases before the former INS (now USCIS). The provision was in substance identical with 8 C.F.R. § 1245.1(c)(8) (2005), which applied to the Executive Office for Immigration Review, including the immigration courts. *See Ceta v. Mukasey*, 535 F.3d 639, 642 n.5 (7th Cir. 2008); *see also Sheng Gao Ni v. BIA*, 520 F.3d 125, 129 (2d Cir. 2008). The parties use these provisions interchangeably.

Petitioner does not contest that the IJ generally lacks jurisdiction to consider an application for adjustment of status made by an alien in exclusion proceedings, but argues that this principle is inapplicable to him because A) the immigration judge erred in concluding that Petitioner is an "arriving alien" and B) Petitioner was not in "exclusion proceedings" because that proceeding terminated when he left the country in February 1992. These two arguments are in effect the same: Petitioner argues that the exclusion proceeding commenced against him on February 5, 1992 terminated when Petitioner was taken back to Canada by the New York State police on that same date, and therefore when Petitioner allegedly re-entered the country in February 1993 he was no longer an "arriving alien" as that term is defined in 8 C.F.R. § 1.1(q).

We conclude that Petitioner's return to Canada on February 5, 1992 did not "terminate" his pending exclusion proceeding, nor did anything else that happened prior to the time the IJ considered Petitioner's application for adjustment of status, and therefore that the BIA and IJ properly concluded that they lacked jurisdiction over his applications. 8 C.F.R. § 245.2(a)(1) (2005). A hearing was scheduled in Petitioner's exclusion proceedings for July 29, 1992, after Petitioner had been transported back to Canada, but Petitioner did not appear. The IJ's order, issued July 30, 1992, indicated that Petitioner's case would be "administratively closed" and that no further action would be taken on it by the court "until [Petitioner] is located and a motion to recalendar is filed." App. 340. It was Petitioner who made the motion to recalendar on December 8, 2003, and who then on May 27, 2004, moved for "Termination of the ongoing proceedings." App. 313. This sequence of events is clearly inconsistent with the Petitioner's current argument that the proceeding terminated on its own when he departed the country in February 1992. Petitioner points to no event taking place between the initiation of exclusion proceedings on February 5, 1992, and his motion to terminate in

May 2004 at which the IJ or BIA took any action to "terminate" the exclusion proceeding, nor does he cite any authority for the view that exclusion proceedings may terminate simply due to the Petitioner's departure from the country.[2]  We therefore conclude that the IJ and BIA lacked jurisdiction over Petitioner's applications.

We have considered Petitioner's remaining arguments and conclude that they are without merit.  The Petition for review is therefore DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[2] Although the applicable regulations do not provide a general definition of when exclusion proceedings terminate for purposes of determining whether an alien is in such proceedings, our conclusion finds further support in 8 C.F.R. § 1245.1(c)(8)(ii) (8 C.F.R. § 1245.1(c)(9)(ii) at the time of Petitioner's hearing before the IJ).  Section 1245.1(c)(8) makes ineligible for adjustment of status any alien "who seeks to adjust status based upon a marriage which occurred on or after November 10, 1986, and while the alien was in exclusion, deportation, or removal proceedings, or judicial proceedings relating thereto."  *Id.* § 1245.1(c)(8).  Section 1245.1(c)(8)(ii) defines when "[t]he period during which the alien is in exclusion, deportation, or removal proceedings, or judicial proceedings relating thereto, terminates":

(A) When the alien departs from the United States while an order of exclusion, deportation, or removal is outstanding or before the expiration of the voluntary departure time granted in connection with an alternate order of deportation or removal;
(B) When the alien is found not to be inadmissible or deportable from the United States;
(C) When the Form I-122, I-221, I-860, or I-862 is canceled;
(D) When proceedings are terminated by the immigration judge or the Board of Immigration Appeals; or
(E) When a petition for review or an action for habeas corpus is granted by a Federal court on judicial review.

*Id.* § 1245.1(c)(8)(ii).  None of these events appears to have taken place in this case.

5