Anderson v. Holder

BIA
Hom, IJ
A074 234 332

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 29th day of August, two thousand twelve.

PRESENT:
        DENNIS JACOBS,
                *Chief Judge,*
        JON O. NEWMAN,
        GERARD E. LYNCH,
                *Circuit Judges.*

_____

EMMANUEL ANDERSON, AKA GEORGE ORHIN
KWASI ANSAH, AKA GEORGE ANSAH,
        *Petitioner,*

        v.                                          11-4516
                                                    NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:          Thomas M. Griffin, Philadelphia,
                         Pennsylvania.

FOR RESPONDENT:          Stuart M. Delery, Acting Assistant
                         Attorney General; Nancy E. Friedman,
                         Senior Litigation Counsel; Christina

**Bechak Parascandola, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Emmanuel Anderson, a native and citizen of Ghana, seeks review of a September 26, 2011, order of the BIA, affirming the October 15, 2010, decision of Immigration Judge ("IJ") Sandy K. Hom, which denied his motion to reopen. *In re Emmanuel Anderson*, No. A074 234 332 (B.I.A. Sept. 26, 2011), *aff'g* No. A074 234 332 (Immig. Ct. N.Y. City Oct. 15, 2010). We assume the parties' familiarity with the underlying facts and procedural history.

When, as here, an alien files a motion that seeks both rescission of an *in absentia* exclusion order as well as reopening of proceedings based on new evidence, we treat the motion as comprising distinct motions to rescind and to reopen. *Alrefae v. Chertoff,* 471 F.3d 353, 357 (2d Cir. 2006)*; see also Maghradze v. Gonzales,* 462 F.3d 150, 152 n.1 (2d Cir. 2006). We review the denial of a motion to rescind an *in absentia* exclusion order under the same abuse of

discretion standard applicable to motions to reopen. *See Alrefae*, 471 F.3d at 357; *see also Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam).

**A.    Motion to Rescind**

Under the circumstances of this case, we review both the IJ's and the BIA's opinions are both reviewed, "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (per curiam) (internal quotation marks omitted). "A motion to reopen exclusion hearings on the basis that the Immigration Judge improperly entered an order of exclusion *in absentia* must be supported by evidence that the alien had reasonable cause for his failure to appear." 8 C.F.R. § 1003.23(b)(4)(iii)(B); *see also Matter of Haim*, 19 I&N Dec. 641, 642 (BIA 1988). Failure to receive notice is "reasonable cause." 8 C.F.R. § 1003.23(b)(4)(iii)(A) (permitting rescission of an in absentia deportation order at any time if the alien did not receive notice of his hearing).

Anderson argues that he was not given notice of the October 1995 exclusion hearing. As the agency observed, however, the record evidence reflected that an immigration officer personally served Anderson with a Form I-122, Notice to Applicant for Admission Detained/Deferred for Hearing

3

Before Immigration Judge ("Notice to Applicant"), which ordered Anderson to appear before an IJ at a specified date, time, and location. Anderson neither disputes the accuracy of the information contained in the Notice to Applicant, nor presents any compelling evidence undermining the validity of service. *See Kulhawik v. Holder,* 571 F.3d 296, 298 (2d Cir.#2009) (per curiam) (recognizing that personal service of a Notice of Hearing provided proper notification of a hearing). Accordingly, the agency did not abuse its discretion in denying Anderson's motion to rescind the *in absentia* exclusion order for failure to establish a reasonable cause for his failure to appear. *See* 8 C.F.R. § 1003.23(b)(4)(iii)(B); *see also* 8 C.F.R. § 1003.23(b)(4)(iii)(A); *Matter of Haim*, 19 I&N Dec. at 642.

**B. Motion to Reopen**

The agency similarly did not abuse its discretion in denying Anderson's request to adjust to permanent resident status. An approved immigrant visa petition does not constitute grounds for reopening the case. *See Matter of Castro-Padron*, 21 I&N Dec. 379 (BIA 1996). In exclusion proceedings, the IJ and the BIA "generally lack jurisdiction to entertain an application for adjustment of status," except

4

in limited circumstances that are inapplicable here.  *See id.* Because it is undisputed that Anderson was in exclusion proceedings, the agency lacked jurisdiction over Anderson's adjustment of status application.  *See* 8 C.F.R. §§ 245.2(a)(1) and 1245.2(a)(1); *Matter of Castro-Padron*, 21 I&N Dec. at 379-80.

For the foregoing reasons, the petition for review is DENIED.

```
                                   FOR THE COURT:
                                   Catherine O'Hagan Wolfe, Clerk
```

5