NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 11 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| XUMING ZHANG,<br><br>    Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>    Respondent. | No.   20-73556<br><br>Agency No. A072-765-901<br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 8, 2022[**]
San Francisco, California

Before: WARDLAW, IKUTA, and BADE, Circuit Judges.

Xuming Zhang petitions for review of the Board of Immigration Appeals'
("BIA") dismissal of his appeal from an Immigration Judge's ("IJ") decision finding
that it lacked jurisdiction to adjudicate Zhang's application for an adjustment of
status. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Zhang arrived in the United States in 1993. He was denied entry and referred to an IJ for exclusion proceedings.[1] The IJ ordered Zhang excluded for being an immigrant without a valid visa. A decade later, Zhang's exclusion proceedings were reopened but administratively closed to allow him to pursue an adjustment of status. Zhang applied for a waiver of inadmissibility and for an adjustment of status with the United States Citizenship and Immigration Services ("USCIS") in 2009. USCIS denied the applications, and the Administrative Appeals Office upheld USCIS's decisions.

Exclusion proceedings resumed in March 2019. During those proceedings, Zhang asked the IJ to "redetermine" his waiver application and application for adjustment of status, arguing that he was "eligible" for an adjustment under 8 U.S.C. § 1255(i).

The BIA properly concluded that it and the IJ lacked jurisdiction to adjudicate Zhang's application for an adjustment of status.[2] Zhang sought to have the IJ adjust

---

[1] Before the Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA"), Pub. L. No. 104-208, 110 Stat. 3009 (1996), there were two types of immigration proceedings: "deportation hearings and exclusion hearings." *Landon v. Plasencia*, 459 U.S. 21, 25 (1982). The IIRIRA merged these proceedings into a single category called "removal proceedings." *Romero-Torres v. Ashcroft*, 327 F.3d 887, 889 (9th Cir. 2003).

[2] We do not accord *Chevron* deference to the BIA's decision because it is "an unpublished disposition, issued by a single member of the BIA." *Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1113 (9th Cir. 2007) (internal quotation marks omitted); *cf. Chevron U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984).

his status under 8 U.S.C. § 1255(i). That statute provides that "an alien physically present in the United States . . . may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence" if certain conditions are met. *Id.* § 1255(i)(1). Congress did not specify how the Attorney General must adjudicate such applications. Instead, the Immigration and Nationality Act ("INA") leaves it to the Attorney General to "establish such regulations, . . . delegate such authority, and perform such other acts as the Attorney General determines to be necessary for carrying out this section." *Id.* § 1103(g)(2).

The Attorney General has promulgated a regulation providing that IJs do "not have jurisdiction to adjudicate any application for adjustment of status filed by [an] arriving alien" in removal proceedings, subject to one exception that does not apply in this case. 8 C.F.R. § 1245.2(a)(1)(ii). No one disputes that Zhang is an "arriving alien." Thus, under the agency's regulations, the IJ lacked authority to consider "any application for adjustment of status" filed by Zhang. *See id.*; *see also Jiang v. Gonzales*, 425 F.3d 649, 652 (9th Cir. 2005) ("An arriving alien is not eligible to renew a previously denied application for adjustment of status during removal proceedings.").

Zhang argues that 8 C.F.R. § 1245.2(a)(1)(ii) is "inapposite" because he is seeking an adjustment of status under 8 U.S.C. § 1255(i), not § 1255(a). We disagree. The regulation's prohibition is broad: It bars IJs from adjudicating "*any*

application for adjustment of status filed by [an] arriving alien," not just those filed under 8 U.S.C. § 1255(a). *See* 8 C.F.R. § 1245.2(a)(1)(ii) (emphasis added); *U.S. ex rel. Barajas v. United States*, 258 F.3d 1004, 1011 (9th Cir. 2001) ("The term 'any' is generally used to indicate lack of restrictions or limitations on the term modified."). And the other purported distinctions that Zhang identifies do not appear in the jurisdictional section of the regulation. *Compare* 8 C.F.R. § 1245.2(a)(1), *with id.* § 1245.2(a)(3).

Moreover, the BIA's published decisions pre-dating the IIRIRA support the conclusion that the BIA and IJ lacked jurisdiction to adjudicate Zhang's adjustment application. *See In re Castro-Padron*, 21 I. & N. Dec. 379, 379 (B.I.A. 1996) ("In exclusion proceedings, the [IJs] and the [BIA] generally lack jurisdiction to entertain an application for adjustment of status under section 245 of the Act."[3]); *Matter of Manneh*, 16 I. & N. Dec. 272, 274 (B.I.A. 1977) (explaining that then-applicable regulations limited the IJ's authority "over applications for section 245 relief to those which [were] filed by aliens in *deportation* . . . proceedings," and that IJs did "*not* have that authority in *exclusion* proceedings" (emphases added)). The BIA's decision in *Matter of Grinberg*, 20 I. & N. Dec. 911 (B.I.A. 1994), does not support Zhang's jurisdictional argument. *Grinberg* concerned deportation proceedings, *see*

---

[3] Section 245 of the INA is codified at 8 U.S.C. § 1255. The Illegal Immigration Reform and Immigrant Responsibility Act, Pub. L. No. 104-208, 110 Stat. 3009 (1996).

4

*id.* at 911, and Zhang concedes that he was in exclusion proceedings.

The remainder of Zhang's arguments, which largely focus on whether he meets the statutory criteria in 8 U.S.C. § 1255(i), are unavailing.

The petition for review is **DENIED**.